CORA K. CODY *et al.*, Respondents, v. EMANUEL GUTMAN, Appellant.

**St. Louis Court of Appeals, January 18, 1898.**

1. **Practice, Appellate:** EVIDENCE: COMPETENCY. Where there is claim of error in the admission and exclusion of testimony, but no complaint of the rulings upon the evidence is contained in the motion for new trial, there is nothing before the appellate court for review on that subject.

2. **Verdict:** EVIDENCE: SUFFICIENCY. The evidence in this cause is considered by the court and held sufficient to support the verdict.

*Appeal from the Scotland Circuit Court.*—HON. BENJAMIN E. TURNER, Judge.

AFFIRMED.

*R. D. Cramer* and *McKee & Jayne* for appellant.

The judgment is for the recovery of possession of premises, no part of which is on lots 1 and 8, as charged in respondents' complaint, and is erroneous and void. *Lamme v. Buse,* 70 Mo. 463; *Benson v. Morrow,* 61 *Id.* 345.

*Smoot, Mudd & Wagner* for respondents.

Plaintiff can not be required to make further proof of a forcible entry than that he was lawfully pos-

sessed of the premises, and that the defendant unlawfully entered into and detained the same. R. S. 1889, sec. 5102; *Prewitt v. Burnett*, 46 Mo. 372; *King's Adm'r v. Gas Light Co.*, 34 *Id.* 34; *Beeler v. Cardwell*, 29 *Id.* 72.

The court, sitting as a jury, having passed upon the facts, this court will not disturb its finding on account of the weight of the evidence; and in this case the proof sufficiently identifies the land in the possession of defendant as the same described in the complaint. *Meriwether v. Howe*, 48 Mo. App. 148; *Rice v. Arnold*, 58 *Id.* 97; *Carruthers v. Williams, Id.* 100.

The objection to the admission of testimony made by defendant was too indefinite and uncertain to authorize its exclusion. *Rhorer v. Brockhage*, 15 Mo. App. 16; *Davis v. Hilton*, 17 *Id.* 319; *Allen v. Mansfield*, 82 Mo. 688; *Shelton v. Durham*, 76 *Id.* 434.

BOND, J.—Plaintiffs allege that they were in the lawful possession of six feet "off the west side of lots one and eight" in city block 2 of Memphis, Missouri, and that defendant forcibly entered upon said ground and forcibly detains the possession thereof from plaintiffs. The proceeding was transferred from a justice's court to the circuit court by *certiorari*. On the trial there, without a jury, plaintiffs had judgment, from which defendant appealed.

The only point saved for review in this case is the sufficiency of the evidence to support the verdict. Appellant claims in his brief that error was committed in the admission and exclusion of testimony, but no complaint of the rulings upon the evidence is contained in the motion for a new trial. Hence there is nothing before us for review on that subject.

PRACTICE, appellate: evidence: competency.

There is evidence in the record that plaintiffs have

owned the lots described in the petition for a number of years, and that either by themselves or their tenants, have used a certain well situated on a strip of ground six feet wide as part of said lots during the term of their ownership. That prior to the institution of this suit defendant fenced off said well as part of lots 2 and 7 owned by him. The evidence of the surveyors tended to show that the boundaries of plaintiffs' lots included the strip on which the well had been dug. That plaintiffs or their tenants were in possession of the disputed six feet of ground before defendant fenced it off, is not controverted. Under this state of facts there was evidence supporting the verdict and the judgment will be affirmed. All concur.